# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 15-1072**                              **September Term, 2014**

EPA-01/27/2015 Letters

**Filed On:** August 12, 2015

National Biodiesel Board,

       Petitioner

     v.

Environmental Protection Agency,

       Respondent

_____

**No. 15-1073**

National Biodiesel Board,

       Petitioner

     v.

Environmental Protection Agency,

       Respondent

       **BEFORE:**    Henderson, Millett, and Wilkins, Circuit Judges

## O R D E R

      Upon consideration of the joint motion for coordination of cases and briefing, the Clerk's order filed May 13, 2015, and the joint response providing justification for word limit request, it is

      **ORDERED** that the following joint briefing format and schedule apply for these related cases to be heard on the same day before the same panel.

      Principal Brief for National Biodiesel Board  
(not to exceed 17,500 words)                             Thursday, October 8, 2015

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 15-1072**                                               September Term, 2014

| | |
|---|---|
| Brief for EPA (not to exceed 17,500 words) | Tuesday, December 22, 2015 |
| Reply Brief for National Biodiesel Board (not to exceed 8,750 words) | Tuesday, January 12, 2016 |
| Deferred Appendix | Monday, February 1, 2016 |
| Final Briefs | Tuesday, February 16, 2016 |

The parties will be notified separately of the oral argument date and composition of the merits panel. The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing.... When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Procedures 41 (2015); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**